IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER SMITH, )<br>#Y21633, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>C/O SIMS, )<br>  )<br>  Defendants. ) | Case No. 17−cv−0774−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lester Smith, an inmate in Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Jail. In his Complaint, Plaintiff claims the defendant failed to protect him from a violent attack by other inmates in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on July 25, 2016, Plaintiff was placed in a new housing unit at St. Clair County Jail. (Doc. 1, p. 5). Beforehand, he told Officer Sims that he feared for his life, that he could not go in the housing unit because he had issues with other inmates, and that putting him in that housing unit would put his life at risk. *Id.* Sims disregarded Plaintiff's fears and forced him to go into the unit. *Id.* Plaintiff entered the unit, went to his cell, and five minutes later eight inmates ran into his cell and severely beat him until he was unconscious. *Id.* Several minutes later, Plaintiff woke up with blood all over him coming from his face and head. *Id.* Plaintiff ran to Officer Rippedo and told him what happened. *Id.* Rippedo took Plaintiff into the hallway where Plaintiff told Sergeant Nicholas what happened. *Id.* Plaintiff was then taken to the nurse's office. *Id.* Nurse Brandi attempted to stop the bleeding, but when she could not, Plaintiff was rushed to Saint Elizabeth Hospital in Belleville, Illinois where he was treated by Dr. Hayden Smith. *Id.* Plaintiff received

ten staples in his head and three stitches in his face. *Id.* He still has a permanent gash on his head and face. *Id.* Plaintiff requests monetary damages from the defendant. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Sims failed to protect Plaintiff from a violent attack by other inmates in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589

3

(7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

In this case, Plaintiff has alleged that Sims ignored Plaintiff's pleas regarding the danger he would face if he went into the new housing unit due to problems he had with other inmates there. When Sims forced Plaintiff to enter the unit, Plaintiff was almost immediately violently attacked. At this stage, Plaintiff's allegations are sufficient to state a failure to protect claim against Sims, so Count 1 will proceed past threshold.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 2), which is hereby **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **C/O SIMS.**

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SIMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 25, 2017**         *s/J. Phil Gilbert*
                                      **U.S. District Judge**